IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| HOPE JOHNSON, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-01451 (PTG/LRV) |
| | ) |
| NAVY FEDERAL CREDIT UNION, | ) |
| | ) |
| *Defendant*. | ) |

## MEMORANDUM ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 9. Plaintiff, who is proceeding *pro se*, alleges that Defendant violated multiple federal laws, including the Fair Credit Billing Act ("FCBA"), 15 U.S.C. §§ 1666–1666j, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, and 12 C.F.R. § 1026, known as Regulation Z.[1] Dkt. 1 ("Compl.") at 3–4; Dkt. 1-1 at 1–7. Plaintiff also seeks a declaratory judgment pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693–1693r,[2] and Federal Rule of Civil Procedure 55. Compl. at 3; Dkt. 1-1 at 1, 6. Defendant moves to dismiss this action, arguing that Plaintiff fails to allege sufficient facts to state any claim for relief. Dkt. 10

---

[1] Regulation Z implements the Truth in Lending Act, 15 U.S.C. §§ 1601–1667f. Plaintiff also lists Federal Rule of Evidence 602 ("Need for Personal Knowledge") as a basis for federal jurisdiction. Compl. at 3.

[2] Plaintiff cites 12 C.F.R. § 1693m as a basis for seeking a declaratory judgment. *See* Dkt. 1-1 at 1. The Court understands this to be a typo, as 12 C.F.R. § 1693m does not exist. The Court assumes Plaintiff intended to write 15 U.S.C. § 1693m as is reflected later in the same document. *Id.* at 6.

at 2. Plaintiff subsequently filed a Motion to Amend the Complaint (Dkt. 12), her own Motion to Dismiss (Dkt. 13), and a Motion of Response to Defendant's Motion to Dismiss (Dkt. 16), which the Court construes as an opposition brief. Defendant opposed Plaintiff's Motion to Amend (Dkt. 18) and Plaintiff's Motion to Dismiss (Dkt. 19) and filed a Reply to Plaintiff's opposition brief (Dkt. 20). This matter is now ripe for disposition and the Court dispenses with oral argument. For the reasons stated below, the Court grants Defendant's Motion to Dismiss. Dkt. 9.

Plaintiff alleges that Defendant "failed to provide [her] with the full material disclosure" as required under 12 C.F.R. § 1026.17[3] and "refused to respond to affidavit[.]" Compl. at 4. Plaintiff attached to her Complaint a letter, entitled, "Notice of Billing Error Dispute," dated September 26, 2022, which Plaintiff presumably sent to Defendant. Dkt. 1-1 at 1–8. The letter states that Plaintiff opened a credit card with Defendant on June 24, 2022. *Id.* at 4. Plaintiff subsequently "received several statements" that she describes as an "attempt to collect an alleged debt" on her credit card account. *Id.* at 5. On October 1, 2022, Defendant informed Plaintiff that it was unable to increase her credit limit, *id.* at 9–10, and on October 13, 2022, Defendant confirmed that Plaintiff owed a "valid debt" of $19,918.78, *id.* at 11–12. Plaintiff also attached to the Complaint the paperwork that Defendant provided when she opened the credit card in June 2022, which included the credit card's pricing terms and the necessary disclosures. *Id.* at 25–28. Regardless, Plaintiff believes that she "owe[s] no such alleged debt(s)" and "that all past, present, and future billing statements . . . are billing errors[.]" *Id.* at 5. As a result, Plaintiff "refuse[d] to

---

[3] *See* Dkt. 1-1 at 5. Sections 1026.17 and 1026.18 of Regulation Z require that creditors who extend closed-end credit make specific disclosures to debtors when extending credit. 12 C.F.R. §§ 1026.17–1026.18.

Because Plaintiff alleges that she has an "open-end" credit account with Defendant, *see* Dkt. 1-1 at 4, Plaintiff cannot claim that Defendant violated 12 C.F.R. § 1026.17, which only applies to closed-end credit accounts. Any claim Plaintiff attempts to make concerning a violation of Section 1026.17 must fail.

2

pay this alleged debt" and demanded that Defendant "cease all forms of communication[.]" *Id.* at 2. Although not listed in the Complaint, Plaintiff appears to allege that Defendant engaged in racketeering activity under RICO by "sending dividends" that were, in actuality, "an invoice for services provided by the utilities companies[.]" *Id.* at 6. For relief, Plaintiff requests an increased credit limit of $20,000 and that Defendant "zero out [her] account balance monthly and to send all remittance coupons in the form of a check[.]" Compl. at 5.

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint[,]" drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (first quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); and then quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (alteration in original) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)).

When deciding a Rule 12(b)(6) motion, the Court may consider documents incorporated by reference. *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (noting that the court may consider documents "attached to the motion to

dismiss, so long as they are integral to the complaint and authentic[.]" (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009))). The Court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

<u>Fair Credit Billing Act</u>

To plausibly allege a claim under the FCBA, Plaintiff must demonstrate: "(1) the existence of a billing error, (2) timely notification of the billing error, and (3) failure of [Defendant] to comply with the procedural requirements of § 1666." *Murr v. Cap. One Bank (USA), N.A.*, 28 F. Supp. 3d 575, 593 (E.D. Va. 2014) (quoting *Beaumont v. Citibank (S.D.) N.A.*, No. 01-Civ-3393, 2002 WL 483431, at *3 (S.D.N.Y. Mar. 28, 2022)). The Court will address the first and third elements of an FCBA claim, both of which are lacking here.

As to the first element, the FCBA identifies multiple billing errors that the statute covers, including unauthorized charges, charges with incorrect dates or amounts, and calculation errors. 15 U.S.C. § 1666(b)(1)–(7). Plaintiff fails to identify the alleged billing error at issue. Plaintiff only states generally that "all past, present, and future billing statements [from Defendant] are billing errors . . . beginning with the date the account was opened on June 24, 2022." Dkt. 1-1 at 5. Plaintiff also fails to set forth the amount of the billing error or her reasons for believing that such a billing error exists. Such statements, or lack thereof, are insufficient to plausibly state the existence of a billing error. *See, e.g., Harvey v. Checkered Flag Auto.*, No. 3:22-cv-420, 2022 WL 4538448, at *3 (E.D. Va. Sept. 28, 2022) (dismissing an FCBA claim under Rule 12(b)(6) where the plaintiff's allegations merely stated that the "alleged debt is invalid" and that the plaintiff was "disputing this alleged debt").

4

As to the third element, Plaintiff alleges that Defendant failed to provide "documentary evidence . . . to clarify and resolve the previously addressed billing error." Dkt. 1-1 at 6. And yet, Plaintiff attached Defendant's response to her Notice of Billing Error to the Complaint. *Id.* at 11–12. In Defendant's response, Defendant stated that the disputed debt was valid, but urged Plaintiff to submit additional and specific details so that it could investigate the dispute. *Id.* at 11 ("Your letter must include all of the following items so that we can investigate your dispute[.]"). Thus, Plaintiff has failed to allege that Defendant failed to comply with the procedural requirements of 15 U.S.C. § 1666.

The Court will also address 15 U.S.C. § 1666d, as Plaintiff listed this specific provision as a basis for federal jurisdiction. Compl. at 3. Section 1666d requires creditors to credit the amount of any credit balance in excess of $1 to a consumer's account, as well as refund any part of the remaining credit balance upon request of the consumer. Plaintiff has failed to allege that a credit balance in excess of $1 exists. In fact, Plaintiff appears to have $19,918.78 in credit debt. *See* Dkt. 1-1 at 11. Thus, Plaintiff fails to plausibly allege a violation of 15 U.S.C. § 1666d.[4]

Fair Debt Collection Practices Act

The Court will address 15 U.S.C. § 1692k(d), as Plaintiff listed this specific provision as a basis for federal jurisdiction. Compl. at 3. Section 1692k concerns a debt collector's civil liability for violations of 15 U.S.C. §§ 1692–1692p. Applying a liberal construction to this *pro se* Complaint, the Court construes it as alleging a violation under Section 1692, which refers to

---

[4] Plaintiff listed 15 U.S.C. § 1666(e) of the FCBA in her Complaint as another basis for federal jurisdiction. Compl. at 3. Section 1666(e) states that "[a]ny creditor who fails to comply with the requirements of this section . . . forfeits any right to collect from the obligor[.]" Because Plaintiff fails to plausibly allege that Defendant violated any section of 15 U.S.C. § 1666, including sections 1666b or 1666d, Plaintiff is not entitled to a ruling that Defendant must forfeit its right to collect the debt Plaintiff owes.

5

potential violations by a "debt collector[.]" *See, e.g., id.* § 1692k(a). Plaintiff, however, fails to allege that Defendant is a debt collector within the meaning of the statute. A "debt collector" is defined as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). A "creditor[,]" on the other hand, is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed[.]" *Id.* § 1692a(4). The documents that Plaintiff attached to her Complaint demonstrate that Defendant is not a third party collecting a debt but rather, an entity that extended Plaintiff credit, which created a debt. *See* Dkt. 1-1 at 9, 11. Thus, Plaintiff fails to plausibly allege a claim under 15 U.S.C. §§ 1692–1692p.

RICO

Finally, Plaintiff appears to allege a civil RICO violation. Dkt. 1-1 at 6. To establish a civil RICO claim, Plaintiff must allege: (1) an enterprise (2) that conducted a pattern of racketeering activity and (3) that she was injured by the alleged RICO violation. *D'Addario v. Geller*, 264 F. Supp. 2d 367, 388 (E.D. Va. 2003). As to the second element, Plaintiff has not alleged Defendant conducted a pattern—meaning, two or more predicate acts—of racketeering activity. Plaintiff argues only that Defendant has "been sending dividends but, in fact, making [her] believe that dividend was an invoice for services provided by the utilities companies[.]" Dkt. 1-1 at 6. Plaintiff then states that Defendant "knowingly participat[ed] in the fraud through the US Mail." *Id.* To establish mail fraud as the predicate act, which Plaintiff appears to allege, Plaintiff must establish that Defendant (1) "devised or intend[ed] to devise a[] scheme . . . to defraud" and (2) attempted to execute such a scheme "by mail[.]" 18 U.S.C. § 1341. Plaintiff's conclusory allegation that Defendant "knowingly participated in the fraud through US Mail" is

6

insufficient to support a mail fraud violation or a pattern of mail fraud. Thus, to the extent Plaintiff alleges a civil RICO claim against Defendant, it must fail.

Declaratory Judgment

The Court finds that Plaintiff is not entitled to a declaratory judgment. Plaintiff first asserts such a right under 15 U.S.C. § 1693m, *see* Dkt. 1-1 at 1, 6, but Section 1693m only creates civil liability for EFTA violations. Plaintiff has not alleged any EFTA violations, apart from her statement that Defendant should be "held to criminal liability pursuant to 15 U.S.C. § 1693n for failing to present required documentary evidence[.]" Dkt. 1-1 at 6. As a private citizen, Plaintiff does not have the legal authority to prosecute Defendant in a criminal capacity. *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). Thus, Section 1693m does not support Plaintiff's request for a declaratory judgment.

Plaintiff next asserts a right to a declaratory judgment under 28 U.S.C. § 2201, Compl. at 3, under which a plaintiff must show a substantial controversy between the parties of sufficient immediacy and reality and an independent basis for jurisdiction. *Kettler Int'l, Inc. v. Starbucks Corp.*, 55 F. Supp. 3d 839, 846 (E.D. Va. 2014). For all the reasons above, this Court finds that no independent basis for jurisdiction exists as Plaintiff has failed to state a claim under any federal statute, treaty, or provision of the U.S. Constitution. Therefore, Plaintiff has failed to demonstrate that she is entitled to a declaratory judgment under 28 U.S.C. § 2201.

Plaintiff last asserts a right to a declaratory judgment under Federal Rule of Civil Procedure 55. Compl. at 3–5. Rule 55 concerns default and default judgments when a party to a lawsuit fails to timely plead or respond and thus, does not concern declaratory judgments. As a result, Rule 55 cannot assist Plaintiff in securing a declaratory judgment. Thus, this Court finds

that Plaintiff is not entitled to a declaratory judgment and that all Plaintiff's claims fail to state a claim upon which relief can be granted.

Plaintiff's Motion to Amend

Shortly after Defendant filed its Motion to Dismiss, Plaintiff filed a Motion to Amend the Complaint. Dkt. 12. Where "amendment would be futile in light of the fundamental deficiencies in [Plaintiff's] theory," a court may deny a request for leave to amend a complaint. *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). Here, Plaintiff requests leave to amend her Complaint to include "applicable laws that weren't recited in the original complaint statement of claim and relief." Dkt. 12 at 1. Plaintiff states that Defendant "is civilly liable . . . under 15 U.S.C. § 1640" and 15 U.S.C. § 1691(K), "failed to provide documentary evidence in accordance with 15 U.S.C. § 44[,]" and violated her "federally protected consumer rights . . . pursuant to 15 U.S.C. § 1642, 15 U.S.C. § 1681M, and 12 C.F.R. § 1002." *Id.* Plaintiff also alleges that "it's against federal law to proclaim an adverse action against [her]" under 15 U.S.C. § 1691(c). *Id.*

Plaintiff cites sections 1640 and 1642 of title 15 of the U.S. Code, which are included in the Truth in Lending Act, 15 U.S.C. §§ 1601–1667f. Section 1642 states that "[n]o credit card shall be issued except in response to a request or application[.]" *Id.* § 1642. Plaintiff alleges that the credit card account in question "was opened . . . with [Defendant], using [her] personal identification and credit card information[.]" Dkt. 1-1 at 4. This allegation refutes Plaintiff's claim that Defendant violated her "federally protected consumer rights" after she applied for a credit card and provided her personal identification. Thus, the Court finds that the addition of such a claim to Plaintiff's Complaint would be futile.

It appears that Plaintiff attempts to allege an additional claim under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691–1691f, which "was enacted to address

8

discrimination in any aspect of any credit transaction."[5] *Davis v. Reg'l Acceptance Corp.*, 300 F. Supp. 2d 377, 384 (E.D. Va. 2002). Because Plaintiff fails to allege any discriminatory acts in her Complaint, its attachment, or in her Motion to Amend, this Court finds that adding a claim under the ECOA to Plaintiff's Complaint would be futile.

Plaintiff alleges that Defendant "failed to provide documentary evidence in accordance with 15 U.S.C. § 44[,]" Dkt. 12 at 1, which is a subsection of the Federal Trade Commission Act, 15 U.S.C. §§ 41–58. However, "there is no private right of action under the Federal Trade Commission Act[,]" *Kantor v. Pompeo*, 400 F. Supp. 3d 464, 470 (E.D. Va. 2019), and as such, Plaintiff cannot maintain a claim against Defendant under this section.

Finally, Plaintiff alleges that Defendant violated her "federally protected consumer rights . . . pursuant to 15 U.S.C. § 1681M[.]" Dkt. 12 at 1. Section 1681m of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x, requires "users of consumer reports" who are "taking adverse actions on basis of information contained in consumer reports" to "provide oral, written, or electronic notice of the adverse action to the consumer[.]" 15 U.S.C. § 1681m(a)(1). In addition, section 1681m is to "be enforced exclusively . . . by the [f]ederal agencies and officials identified" in the relevant section. *Id.* § 1681m(h)(8)(B). Thus, Plaintiff has no private right of action under this section and cannot maintain a claim against Defendant. For all of these reasons, the Court finds that Plaintiff's proposed amendments are deficient as a matter of law.

---

[5] Plaintiff cites section 1691(K) of title 15 of the U.S. Code, which does not exist. *See* Dkt. 12 at 1. Plaintiff also cites section 1691(c), *see id.*, which does exist, but concerns activities a creditor may engage in that are not a violation of the ECOA. Finally, Plaintiff cites 12 C.F.R. § 1002, *see id.*, which is the implementing regulation of the ECOA.

Additionally, the Court finds that further amendment of this Complaint would be futile because no amendment can cure the deficiencies identified by the Court. For the above stated reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 9) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Motion to Amend the Complaint (Dkt. 12) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion to Dismiss (Dkt. 13) is **DENIED** as moot; and it is further

**ORDERED** that this Complaint is **DISMISSED WITH PREJUDICE.**

This is a final order for the purposes of appeal. To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to send a copy of this Order to Plaintiff, who is proceeding *pro se*, and close this civil action.

Entered this 20th day of October, 2023
Alexandria, Virginia

Patricia Tolliver Giles
United States District Judge